**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CANDY VAUGHN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. N13C-07-132 ALR |
| | ) | |
| JEFFREY I. JACKERSON, D.O., et al., | ) | |
| Defendants. | ) | |

**ORDER**

*Upon Defendants' Motion in Limine to Limit or Exclude
Causation Opinions Rendered by Kenneth Algazy, M.D.*
**DENIED**

Defendants have filed a motion *in limine* to limit or exclude the causation opinions rendered by Kenneth Algazy, M.D. Plaintiffs oppose Defendant's motion. The Court heard oral argument today, and has considered the parties' submissions as well as Rules 702 and 703 of the Delaware Rules of Evidence, the facts, arguments and legal authorities presented by the parties, and decisional law.

At the trial level, it is the role of the Court to perform a gatekeeping function with expert testimony.[1] The admissibility of such testimony is governed by Delaware Rule of Evidence 702, which provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods,

---

[1] *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 583 (Del. 2007).

and (3) the witness has applied the principles and methods reliably to the facts of the case.[2]

Delaware has adopted the *Daubert* standard to determine whether an expert has a reliable basis in the knowledge and experience of the relevant discipline. Under this standard, the trial judge may consider the following factors: 1) whether the theory or technique has been tested; 2) whether it has been subjected to peer review and publication; 3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and 4) whether the theory or technique enjoys acceptance within a relevant scientific community.[3]

In addition to the *Daubert* factors, Delaware requires the trial judge to consider an additional five-step test to determine admissibility of expert testimony.[4] The trial judge must determine that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training or education;
(2) the evidence is relevant;
(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[5]

---

[2] D.R.E. 702

[3] *Sturgis*, 942 A.2d at 584 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

[4] *Id.*

[5] *Id.*

The Court is satisfied that Dr. Algazy is an expert qualified by knowledge, skill, experience, training, and education. Dr. Algazy's expert opinion is based upon information reasonably relied upon by experts in the field of oncology. Dr. Algazy's proposed testimony is relevant and will assist the jury in understanding the evidence and determining a fact in issue. Dr. Algazy's testimony will not create unfair prejudice or confuse or mislead the jury. Defendants' concerns regarding Dr. Algazy's testimony go to its weight and not its admissibility and Defendants can effectively cross-examine Dr. Algazy at trial.

**NOW, THEREFORE, this 22nd day of June 2016, Defendants' Motion *in Limine* to Limit or Exclude Causation Opinions Rendered by Kenneth Algazy, M.D. is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**Hon. Andrea L. Rocanelli**